### Heart *against* Judson.

JUDGE *Saffold* delivered the opinion of the Court.

*December, 1823.*

In this case the writ of Error, as issued by *R. Tankersly*, as clerk, bears date 1st *September*, 1823, after the expiration of his term of office. The defendant in Error moves to quash the Writ, and produces a coppy of the citation issued 17th of *June*, 1823, shewing that a writ of Error had previously issued. Neither this nor the corresponding transcript of the Record has been filed. He moves to quash the writ of Error, and for an affirmance of the judgment. The writ of Error must unquestionably be quashed. The plaintiff in Error refers to the transcript of the Record to shew that the judgment was on an unliquidated demand,

*1, Writ of Error issued by Clerk after expiration of his term of office, quashed.
2, Ten per cent. damages to be adjudged in all cases on judgment affirmed on writ of Error or Appeal taken since the Act of 1820.*

DECEMBER, 1823.

Heart
v.
Judson.

and contends, under the authority of the Statute of 1819, that no damages are recoverable. This act provides that " in all cases bottomed on a contract, note, agreement, or li- " quidated account, where the judgment of the Circuit " Court may be affirmed, fifteen per cent. damages shall be " allowed," &c. Laws Ala. p. 168. Admitting that this transcript is sufficiently before us to shew that the action was not founded on a liquidated demand, the act of 1820 directs that whenever the judgment of a Circuit Court shall, on appeal or writ of Error, be affirmed, ten per cent. damages shall be allowed and not more, &c. Laws Ala. p. 483. This last Act does not restrict the right to recover damages to actions founded on liquidated demands, but allows them at the rate last mentioned in all cases where the judgment of a Circuit Court may be affirmed by this Court. The terms of the last Statute are general, not restricted like the first, as to the description of actions ; and in this respect, as well as in amount of damages, the first is clearly contravened by the last. If it were for us to consider the reason and policy of the Statutes, it would seem that an obstinate debtor who refuses to liquidate his debt, should not be benefitted by his injustice : and even in actions *ex delicto*, the satisfaction of the judgment should not be delayed without responsibility for damages. It is the unanimous opinion of the Court that the judgment of the Circuit Court be affirmed with ten per cent. damages.